UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 14-40157 |
| | ) | Chapter 7 |
| JOSEPH MATTHEW STANFORD | ) | |
| aka Joe Stanford | ) | DECISION RE:  NORTHERN |
| fdba Kamikaze Racing & Detailing | ) | RENTAL CORP.'S MOTION FOR |
| SSN/ITIN xxx-xx-2639 | ) | RELIEF FROM THE AUTOMATIC STAY |
| | ) | |
| Debtor. | ) | |

The matter before the Court is Northern Rental Corp.'s motion for relief from the automatic stay.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This decision and the accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As discussed below, the Court will enter an order confirming the termination of the automatic stay.

I.

Between October 28, 2013 and December 24, 2013, Northern Rental Corp., doing business as Aaron's ("Northern Rental"), and Joe Stanford ("Debtor") entered into eight different agreements regarding certain personal property identified in the agreements.[1]  On April 8, 2014, Debtor filed a petition for relief under chapter 7 of the bankruptcy code.

Shortly thereafter, Northern Rental filed the motion for relief from the automatic stay that is now before the Court (doc. 18).  In its motion, Northern Rental alleged Debtor failed to make scheduled monthly renewal payments and, as a consequence,

---

[1]Copies of the agreements are attached as Exhibit B to the Affidavit of Patrick T. Dougherty in Connection with Brief in Support of Northern Rental Corp. d/b/a Aaron[']s Motion for Relief from Automatic Stay (doc. 33-1).

all eight agreements automatically terminated prior to the filing of Debtor's petition. Northern Rental argued the automatic stay should therefore be modified for cause.

Debtor timely filed an objection to Northern Rental's motion (doc. 26). In his objection, Debtor argued the agreements are not "true leases." Debtor further argued Northern Rental is not entitled to relief from the automatic stay because it is not a secured creditor.

The matter came on for hearing on July 10, 2014. At the hearing, the parties reported they did not wish to present any evidence other than the agreements themselves. The Court raised *sua sponte* the question of whether–irrespective of whether the agreements created leases or security interests–the automatic stay had been terminated with respect to them pursuant to 11 U.S.C. § 362(h). The Court allowed the parties until July 25, 2014 to submit additional briefs on that and any other issues they wished to address. Both parties submitted supplemental briefs (docs. 45 and 56), and the matter was taken under advisement.

II.

On their face, the agreements appear to be leases. Each is self-described as a "Lease Purchase Agreement"; each refers to an "Initial Lease Term"; each refers to the "Leased Property"; each provides that ownership of the personal property will not pass until all payments have been made; and each refers to Debtor as "Lessee." However, under South Dakota law,

> (a) Whether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each case.

>   (b) A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and:
>
>>   (1) The original term of the lease is equal to or greater than the remaining economic life of the goods;
>>
>>   (2) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;
>>
>>   (3) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or
>>
>>   (4) The lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

S.D.C.L. § 57A-1-203.

In arguing the agreements *are* true leases, Northern Rental relies on § 57A-1-203(b) and cites authority–both scholarly and from other jurisdictions–for the proposition that if a transaction does not meet the conditions of § 57A-1-203(b), it does not create a security interest. It then points the Court to the provision in each of the agreements that permits Debtor to terminate the agreements "at any time by surrendering or returning the Leased Property in good repair, reasonable wear and tear excepted, and paying all Renewal Payments and Other Charges through the date of surrender or return."

Debtor concedes the agreements do not create security interests under

§ 57A-1-203(b).  In arguing the agreements are nevertheless *not* true leases, Debtor relies on § 57A-1-203(a) and cites authority from other jurisdictions in support of the proposition that § 57A-1-203(b) is merely a "bright line" test and a transaction that does not meet the conditions of § 57A-1-203(b) may still be found to create a security interest under § 57A-1-203(a).  He then points the Court to the provisions in each agreement that he believes permit him to purchase the personal property for less than fair market value and the provisions in each agreement that he believes demonstrate the payments under the agreements compensate Northern Rental for more than the loss of value during the terms of the agreements.  *Cf. In re Sprecher Brothers Livestock & Grain, Ltd.*, 58 B.R. 408, 413 (Bankr. D.S.D. 1986) (interpreting and applying S.D.C.L. § 57A-1-201(37), a portion of which is now found in § 57A-1-203(a)).

Both Northern Rental and Debtor agree no South Dakota court has interpreted § 57A-1-203(b).  Thus, the question of whether § 57A-1-203(b) is dispositive or merely a bright line test is unanswered within the state.  It will remain so, at least for the time being.  The outcome in this case is the same, regardless of whether the agreements created leases or security agreements.

III.

If the agreements created leases, the chapter 7 trustee would have been entitled to assume those leases, subject to Court approval.  11 U.S.C. § 365(a).  However, because the chapter 7 trustee did not assume them within 60 days of the date Debtor filed his petition for relief, those leases would be deemed rejected.  11 U.S.C.

§ 365(d)(1). Consequently, if Northern Rental is correct in its characterization of the agreements, the personal property identified in them would no longer be property of the bankruptcy estate, and the automatic stay would be terminated. 11 U.S.C. § 365(p)(1).

If, on the other hand, the agreements did not create leases, they created security interests. There is no third option under § 57A-1-203(a) or (b). And if the agreements created security interests, Northern Rental would be a secured creditor and would hold a secured claim: "It is the security interest created by an agreement between a debtor and [a] creditor that makes the creditor a secured party." *Noland v. HSBC Auto Finance, Inc.* (*In re Baine*), 393 B.R. 561, 566 (Bankr. S.D. Ohio 2008).

Debtor's insistence that Northern Rental would not be a secured creditor is without merit. Northern Rental admits it did not file a financing statement in connection with any of the agreements. However, that only means its security interests would be unperfected, not that its claims would be unsecured. *Id.*

As a secured creditor, Northern Rental would be entitled to know Debtor's intentions with respect to the personal property identified in the agreements and to have Debtor follow through on his intentions.

> [I]f an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>
> > (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the

> retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph[.]

11 U.S.C. § 521(a)(2).

This is so, even though Debtor listed his debt to Northern Rental (under "Aarons [*sic*] Rent All" and "Aarons [*sic*] Sales and Lease") on his schedule F (Creditors Holding Unsecured Nonpriority Claims) rather than on his schedule D (Creditors Holding Secured Claims). *In re Caffey*, Bankr. No. 13-31259, 2013 WL 3199816, at *5 (Bankr. N.D. Ohio June 24, 2013). Section § 521(a)(2) does not require a debt that is secured by property of the bankruptcy estate to be included on a particular schedule. It only requires such a debt to be included on the debtor's "schedule of assets and liabilities." "To find otherwise would . . . enable debtors to manipulate their schedules contrary to . . . both the letter and the purpose of the applicable Bankruptcy Code provisions so as to achieve a result to which they are not entitled by Congress." *Id.*

Northern Rental would also be entitled to termination of the automatic stay in the event Debtor failed to make known, or failed to follow through on, his intentions.

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in

>   whole or in part a claim, . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—
>
>   >   (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . . ; and
>   >
>   >   (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1).

In this case, Debtor timely filed a statement of intention (doc. 1, pp. 62-64). However, his statement of intention did not reference Northern Rental, the agreements, or the personal property identified in the agreements. Debtor would thus have failed to comply with § 362(h)(1)(A).[2] Consequently, if Debtor is correct in his characterization of the agreements, the automatic stay would be terminated, and the personal property identified in them would no longer be property of the bankruptcy estate. 11 U.S.C. § 362(h).

---

[2]Section 362(h)(1)(A) and (B) are in the conjunctive, so Debtor's failure to comply with § 362(h)(1)(A) is sufficient to trigger § 362(h)(1). However, the Court notes having failed to comply with § 362(h)(1)(A), Debtor also necessarily failed to comply with § 362(h)(1)(B).

IV.

For the foregoing reasons, regardless of whether the agreements created leases or security agreements, the automatic stay has been terminated with respect to the personal property identified in the agreements, and the personal property identified in the agreements is no longer property of the bankruptcy estate. The Court will enter an appropriate order.[3]

Dated: August 20, 2014.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[3]The Court does not reach the issue raised in Northern Rental's supplemental brief (doc. 45) regarding S.D.C.L. §§ 54-6A-2 and 54-6A-3. Consideration of that issue would require the Court to receive additional evidence, which would be contrary to the parties' stated desire not to present any evidence other than the agreements themselves.

-8-